## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

OSUALDO LERMA AGUILAR,       )
           )
      Petitioner,       )
           )
v.            )       2:06-cv-00726-WMA-JEO
           )
LIEUTENANT ANDERSON, et al.,       )
           )
      Respondents.       )

## MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought by a person in custody pursuant to a judgment of conviction.  28 U.S.C. § 2254.  The petitioner, Osualdo Lerma Aguilar, filed the current habeas corpus petition on April 11, 2006.  (Doc. 1).  In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1)(B), the matter was referred to a magistrate judge for a preliminary review and recommendation.

## PROCEDURAL HISTORY

The petitioner was convicted in the Shelby County Circuit Court on February 16, 2006, of two counts of first degree rape.  (Ex. A).[1]  He was sentenced on April 4, 2006, to twenty-five years imprisonment for each conviction.  *Id*.  He immediately filed a notice of appeal concerning the convictions and sentence.  (Ex. B).  As best this court can discern, the case remains pending in the Alabama Court of Criminal Appeals.  (Doc. 10).

As noted above, the present petition was filed on April 11, 2006.  (Doc. 1).  In sum and substance, the petitioner asserts that (1) the convictions were obtained by a violation of double

---

[1] The exhibits are located at document 10.

jeopardy, (2) he was denied effective assistance of counsel, and (3) his interpreter failed to

truthfully translate his statements at trial.  The respondents were ordered to appear and show

cause why the requested relief should not be granted.  (Doc. 8).  They filed a response, asserting

that the petition is due to be denied because the petitioner has failed to exhaust his available state

remedies.  (*Id*.).  The petitioner has filed a traverse asserting that the petition should not be

dismissed under the circumstances.  (Doc. 12).  He has also filed a letter indicating that he is

facing the same charge in Jefferson and Bibb Counties.

## DISCUSSION

The threshold issue to be resolved in federal habeas cases is whether the petitioner has

exhausted all available state remedies.  An application for writ of habeas corpus will not be

considered unless the applicant has exhausted available state court remedies.  28 U.S.C. §

2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999);

*Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087, 1088

(11th Cir. 1982).  The exhaustion requirement is designed "to effect a proper balance between the

roles of state and federal judicial institutions in protecting federal rights."  *Ogle v. Estelle*, 592

F.2d 1264, 1267 (5th Cir. 1979).  As a matter of comity, the rule requires the federal courts to

allow the states the initial "opportunity to pass upon and correct errors of federal law in the state

prisoner's conviction."  *Fay v. Noia*, 372 U.S. 391, 438, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963).

Such a rule furthers the strong federal policy that federal courts should not unduly or prematurely

interfere with state court proceedings.

Section 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the

remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the questions presented." *Rose v. Lundy*, 455 U.S. 509, 518 n.9, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  Pursuant to this provision, the courts have cautioned that the exhaustion requirement is not satisfied until the claim has been fully and fairly presented to the courts for consideration.  *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Heath v. Jones*, 863 F.2d 815, 818 (11th Cir. 1989).  Furthermore, the claim must be presented to state courts in such a way as to enable the state to entertain the claim on its merits.

The petitioner's pending appeal, the ability to seek certiorari review, and the availability of post-conviction avenues under Alabama Rule of Criminal Procedure 32 all necessitate dismissal of this action as the present claims have not been fully adjudicated in the state courts as is required.  The court also declines to hold the present action in abeyance because he will not have federal statute of limitations issues due to the recency of his state conviction.  *See* 28 U.S.C. § 2244(d).  The petitioner however must remain vigilant in pursuing and preserving his rights to proceed in either state or federal court on his claims

### CONCLUSION

In accord with the foregoing, the petition for a writ of habeas corpus is due to be **DISMISSED WITHOUT PREJUDICE** to permit the petitioner to exhaust his available state remedies.

**DONE** this the 20th day of April, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE